# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BELLSOUTH TELECOMMUNICATIONS, LLC d/b/A AT&T ALABAMA; AT&T CORP., | * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CIV. ACTION NO. 18-00335-TM-N |
| CITY OF DAPHNE, a municipality under the State of Alabama; DANE HAYGOOD, Mayor of City of Daphne, in both his official and personal capacity; & JEREMY SASSER, Public Works Director of City of Daphne, in both his official and personal capacity, | * * * * * * * * * | |
| Defendants. | * | |

STATE OF ALABAMA

COUNTY OF BALDWIN

### AFFIDAVIT OF PATRICK RUDICELL

Before me, the undersigned authority, a Notary Public in and for said State and County personally appeared PATRICK RUDICELL, who, after being duly sworn by me, states as follows:

My name is Patrick Rudicell. I am above the age of majority and have personal knowledge of the following facts:

1.  I am the current President of the Daphne City Council. As a City Councilman, part of my role, along with all other Councilpersons, is to serve on the City's Ordinance and

Code Enforcement Committee (the "Committee"), which holds a public meeting on the first Monday of every month at Daphne City Hall.

2.  The City's Right of Way ("ROW") Ordinance was on the agenda for the January 7, 2019, meeting of the Committee. At the January 7th meeting, City administrative and legal staff presented a draft revision to the City's ROW Ordinance and discussed the need for provisions regarding wireless facilities due to rapidly changing technology. The Committee was informed by legal staff that many of the proposed revisions were derived from a new national model ordinance and the City of Mobile's right-of-way ordinance. Most of the discussion centered around wireless facilities being placed on other poles in the ROW, and whether that would cause any issues in the future if the City wished to move utilities underground. The Committee also discussed clarifying some of the provisions of the ordinance which relate to aboveground utility markers, including the height requirement that was already included in the 2017 version of the ROW Ordinance. Ultimately, the Committee suggested that City administrative and legal staff continue to work on the ordinance and bring it back to the Committee.

3.  The City's ROW Ordinance was again on the agenda for the February 4, 2019, meeting of the Committee. At the February 4th meeting, City administrative and legal staff presented an updated draft revision to the City's ROW Ordinance and again discussed issues related to wireless facilities and potential conflicts with moving utilities underground. Other revisions to the draft included a modified appeal procedure for permit denials, unique labeling/numbering of <u>all</u> above grade structures in the ROW (including but not limited to towers, poles, and utility markers), recordkeeping of the location of <u>all</u> above grade structures placed in the City's ROW, and grass and weed maintenance around utility markers. Public

Works staff informed the Committee that the City's mowers have to navigate around the utility markers, which results in unsightly high grass and weeds around the base of the markers during the summer and obstruction of the markers which can be a safety issue. My understanding is that the City had been going behind its mowers with workers on foot weed-eating around the markers at the City's own cost, and that the entities that own the markers should be required to maintain the grass and weeds around the markers' base with an herbicide or otherwise during the summer. Further discussion was held regarding the new provisions related to wireless facilities that were borrowed from a national model ordinance and the City of Mobile. Legal staff informed us that the permit fees associated with wireless facilities are in line with what has been deemed reasonable by order of the Federal Communications Commission. Public Works staff informed us that calls had been coming in from wireless utility providers about permitting the installation of wireless facilities in the City's ROW, but our current ordinance did not address wireless facilities. Ultimately, the Committee recommended the new ordinance to the City Council for consideration.

4. The new ROW Ordinance was on the publicly-published agenda for the February 18, 2019, City Council meeting. The City also published on its website a packet for the February 18th Council meeting that included a clean copy of the new ROW Ordinance. Whenever an ordinance is submitted to the Council for consideration, it is automatically held over until the following Council meeting. Because this was the "First Read" of the new ROW Ordinance, the Council did not discuss it or vote on it on February 18th.

5. The new ROW Ordinance was on the publicly-published agenda for the March 4, 2019, City Council meeting. The City also published on its website a packet for the March 4th Council meeting that included a clean copy of the new ROW Ordinance. The City Council

adopted Ordinance 2019-08 as its new ROW Ordinance at this March 4, 2019 meeting. The City adopted Ordinance 2019-08 to repeal and replace Ordinance 2017-22 and there is no intention to readopt Ordinance 2017-22.

6. My understanding is that AT&T has now alleged that the new ROW Ordinance was adopted to target them or somehow retaliate against them for the current lawsuit. That has never been my motive or, to my knowledge, that of any other Council member in discussing or considering changes to the City's ROW Ordinance, which applies not only to AT&T, but to all persons and entities doing work or otherwise constructing or maintaining facilities in the City's right of way.

Further affiant sayeth not.

_____
PATRICK RUDICELL
President, Daphne City Council

**STATE OF ALABAMA**
**COUNTY OF BALDWIN**

I, the undersigned Notary Public in and for said State and County do hereby certify that PATRICK RUDICELL, whose name is signed to the foregoing Affidavit and who is known to me, acknowledged before me on this day that, being informed of the content of said Affidavit, he executed the same voluntarily on the day same bears date.

Given under my hand and seal this 22nd day of March, 2019.

_____
NOTARY PUBLIC
My Commission Expires: 4-11-20

(SEAL)

CANDACE GARNER ANTINARELLA
Notary Public, Alabama State At Large
My Commission Expires
April 11, 2020

4