## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

BELLSOUTH                               :
TELECOMMUNICATIONS, LLC.,               :
d/b/a AT&T ALABAMA, *et al.*,           :
                                        :
     Plaintiffs,            :
                                        :
vs.                                     :    CIVIL ACTION NO. 1:18-cv-335-TFM-N
                                        :
CITY OF DAPHNE, *et al.*,               :
                                        :
     Defendants.            :

## ORDER

Pending before the Court is the parties' *Stipulation of Dismissal of Defendants Haygood and Sasser*. Doc. 101, filed June 29, 2020. The parties indicate they bring their stipulation pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). *Id.* The joint stipulation is signed by all of the parties who have appeared. *Id.* However, the Court construes the parties' stipulation of dismissal as a motion to dismiss Defendants Dane Haygood and Jeremy Sasser, in their official and personal capacities, pursuant to Fed. R. Civ. P. 41(a)(2).[1]

---

[1] A request to dismiss an action requires a court order and dismissal by terms that the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2). Fed. R. Civ. P. 41(a)(1)(A) allows for dismissal without a court order: (i) before the opposing party serves either an answer or a motion for summary judgment; or (ii) if the joint stipulation of dismissal is signed by all of the parties who have appeared. This matter involves multiple parties and the parties request the Court dismiss only two (2) of the named defendants. Thus, the Court finds it proper to construe the parties' stipulation of dismissal as a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2). A plaintiff may dismiss all claims against a defendant under Fed. R. Civ. P. 41 even if there are other defendants in the case. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument

Upon consideration of the motion (Doc. 101), it is **ORDERED** it is **GRANTED**, and Plaintiffs' claims against Defendants Dane Haygood and Jeremy Sasser, in their official and personal capacities, are **DISMISSED with prejudice**, with each party to bear their own costs and attorneys' fees.

　　**DONE** and **ORDERED** this the 30th day of June 2020.

　　　　　　　　　　　　　　　/ s/Terry F. Moorer　　　　　　　　
　　　　　　　　　　　　　　　TERRY F. MOORER
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).